**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-cr-81-3 (TJK)** |
| | : | |
| **NASEER GREEN,** | : | |
| | : | |
| **Defendant.** | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

  I.    Summary of the Plea Agreement

  Defendant Naseer Green agrees to admit guilt and enter a plea of guilty to a two-count Superseding Information, charging him with (1) Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl, and a Mixture or Substance Containing a Detectable Amount of Oxycodone, in violation of 21 U.S.C. § 841(b)(1)(C) (Count One), and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

  II.    Elements of the Offense

  The essential elements of Count One of the Superseding Information, Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl, and a Mixture or Substance Containing a Detectable Amount of Oxycodone, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) The Defendant knowingly possessed a Mixture and Substance Containing a Detectable Amount of Fentanyl, and a Mixture and Substance Containing a Detectable Amount of Oxycodone;

(2) The Defendant knew that this substance was a controlled substance; and

1

(3) The Defendant intended to distribute some or all of this controlled substance.

Count Two of the Superseding Information charges that, on March 16, 2025, the Defendant possessed a firearm in furtherance of a drug trafficking crime. The essential elements of this offense are:

(1) The Defendant committed a drug trafficking crime—here, Possession with Intent to Distribute a Controlled Substance;

(2) The Defendant knowingly possessed a firearm; and

(3) The possession of the firearm was during and in relation to, or in furtherance of, the Defendant's drug trafficking crime.

III.    Penalties for the Offense

The penalties for Possession with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl and a Mixture and Substance Containing a Detectable Amount of Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), are as follows:

(A)    A term of imprisonment of not more than twenty years;

(B)    A fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000;

(C)    A term of supervised release of not less than three years and up to life; and

(D)    A special assessment of $100.

The penalties for Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), are as follows:

(A)    a term of imprisonment of not less than 5 years and not more than life to be served consecutively to any other sentence imposed;

(B)    a fine not to exceed $250,000;

(C)    a term of supervised release of not more than 5 years; and

(D)    a special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

IV.    Brief Statement of the Facts

The following statement of facts does not purport to include all of the Defendant's illegal conduct or the conduct of his co-conspirators or co-defendants. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. The limited purpose of the foregoing statement of facts is to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea to the Superseding Information.

Had this case gone to trial, the government's evidence would have proved the following beyond a reasonable doubt:

1.    On March 16, 2025, at approximately 1:42 a.m., in the Logan Circle neighborhood of Washington, D.C., MPD officers approached a black Audi A6 sedan parked in a no-parking zone.  The Defendant, Naseer Green, was seated in the front passenger seat of the Audi.

2.    The vehicle contained red solo cups containing liquid that smelled strongly of alcohol.  As a result, the occupants of the vehicle were directed to exit the vehicle.

3.    The Defendant stepped out of the vehicle but kept his right hand near the front of his waistband, where he possessed a Glock 19 Gen 5 9mm pistol bearing serial number BMXN178. The Defendant struggled against the officer's attempts to secure his hands, but the officers ultimately placed the defendant in handcuffs. A protective patdown resulted in the discovery of the firearm, which had an extended magazine with a 24-round capacity. The magazine was loaded with 23 rounds, and the gun itself had one round loaded in the chamber.

4.    The Defendant further possessed controlled substances on his person, to include 24

3

white, round pills marked with "RP10," and 134 blue, round pills marked with "M30." The 24 white pills tested positive for Oxycodone, a Schedule II controlled substance. The 134 blue pills tested positive for fentanyl, a Schedule I controlled substance. The defendant also possessed the baggie containing 4 grams of a white powdery substance. Finally, the defendant possessed $357 on his person.

5.      The Defendant acknowledges that he knowingly and intentionally possessed the oxycodone and fentanyl-laced counterfeit oxycodone pills with the intent to distribute them to others.

6.      The Defendant admits that he used and possessed the Glock handgun in relation to, and in furtherance of, his possession with intent to distribute controlled substances, including the narcotics recovered from him on March 16, 2025.

7.      The Defendant further agrees that he personally has read, or had read to him, both the Indictment and the Superseding Information in this case, including the allegations and charges against the Defendant in the Indictment. The Defendant agrees that he does not have any information to dispute or disprove those allegations and charges against him set forth in the Indictment in any way.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:     */s/  Kate M. Naseef*_____
        Kate M. Naseef
        Matthew W. Kinskey
        Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read every page of the Government's proffer of evidence relating to my guilty plea. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 8 - 5 - 25

Naseer Green
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 8 - 5 - 25

H. Heather Shaner, Esquire
Attorney for Defendant